IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

GLENNIE DAVIS,#120 206          *

    Plaintiff,          *

      v.          *          2:08-CV-666-TMH
            (WO)

CORRECTIONAL MEDICAL          *
SERVICES, Inc., *et al.*,
              *

    Defendants.

_____


## ORDER

This case was filed by Plaintiff on May 30, 2008 in the Circuit Court for Montgomery

County, Alabama. Defendant Correctional Medical Services, Inc., removed this action to this

court where it was filed on August 18, 2008. Thus, this matter is presently pending before

the court on a complaint filed by Plaintiff, Glennie Davis, an inmate incarcerated at the St.

Claire Correctional Facility located in Springville, Alabama.

A thorough review of this complaint reflects that although Plaintiff names

Correctional Medical Services, Inc., and Prison Health Services, Inc., as defendants in this

cause of action, the complaint consists merely of general conclusions of constitutional

violations and fails to identify factual allegations material to specific counts lodged against

the named defendants with respect to any violations of Plaintiff's constitutional rights.

"This type of pleading completely disregards Rule 10(b)'s requirement that discrete

claims should be plead in separate counts, *see Anderson v. Dist. Bd. of Tr.*, 77 F.3d 364-366-

67 (11th Cir. 1996), and is the type of complaint that [has been] criticized time and again." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Accordingly, the court deems it appropriate to require Plaintiff to amend his complaint to respect the requirements of Rule 8, F.R.Civ.P.,  and the heightened pleading requirement for such cases as well as to correct the deficiencies noted herein.

Accordingly, it is

ORDERED that on or before **September 5, 2008**  Plaintiff shall file an amended complaint on a form for use in filing a 42 U.S.C. § 1983 complaint.  *See* Local Rule 9.1 (requiring *pro se* litigants to utilize court's forms).

It is further ORDERED that Plaintiff's amended complaint shall:

1.  Identify his place(s) of incarceration since May 24, 2006;

2.  Identify specific claims relative to ***actions taken against him*** by those persons or entities named as defendants and list these claims in separate counts;

3.  Describe with clarity those factual allegations, **<u>including dates and locations</u>**, that are material to each specific count against the named defendants; and

4.  Describe how the named defendants violated ***his*** constitutional rights.

Plaintiff is hereby advised that the amendment to his complaint must set forth short and plain statements showing why he is entitled to relief and be specific enough to put each defendant on notice of how their conduct allegedly violated Plaintiffs' constitutional rights and should contain only claims relative to actions taken against him by the named defendants. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain

2

statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary, rather the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. T wombly,* 550 U.S. ___, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). "Plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")).  Plaintiff is further advised that his failure to timely and properly comply with the directives contained in this order will result in a Recommendation that this action be dismissed.

The Clerk is DIRECTED to furnish Plaintiff with a form for use in filing a complaint under 42 U.S.C. § 1983 and shall affix the case number of the present action to said form.

Done, this 21st day of August 2008.


 /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE