IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| GLENNIE DAVIS, #120 206 | * | |
| Plaintiff, | * | |
| v. | * | 2:08-CV-666-TMH |
| | | (WO) |
| CORRECTIONAL MEDICAL SERVICES, *et al*., | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The Plaintiff, an inmate proceeding *pro se* and presently confined at the St. Clair Correctional Facility located in Springville, Alabama, filed a civil rights action in state court on May 24, 2008.[1] Defendant Correctional Medical Services, Inc. ["CMS"] removed the action from state court to this court on August 18, 2008. In addition to Defendant CMS, Defendants to this complaint also include Prison Health Services, Inc. ["P, and Dr. Bosserman.

The Plaintiff, who suffers with degenerative rheumatoid arthritis, alleges that, pursuant to 42 U.S.C. § 1983, his constitutional rights were and/or are being violated due to

---

[1] Although the Plaintiff's original complaint was stamped "filed" in state court on May 30, 2008, the complaint was signed by Plaintiff on May 24, 2008. A *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Davis] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court construes May 24, 2008 as the date of filing.

the conduct and actions of Defendants in regard to the medical care and treatment for his condition.[2] The Plaintiff brings this complaint for damages and requests trial by jury. Upon review of the complaint, the court concludes that dismissal of some of Plaintiff's claims prior to service of process is appropriate under 28 U.S.C. § 1915A. The court further concludes that the remaining claims should otherwise be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[3]

## I. DISCUSSION

Under 28 U.S.C. § 1915A, a district court must screen prisoners' civil complaints against government officials or entities and dismiss the complaints if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.-On review, the court shall identify cognizable

---

[2]On August 21, 2008 the court ordered Plaintiff to submit an amendment to his complaint. The order informed Plaintiff that the amended complaint would supercede the original complaint. Plaintiff submitted his amended complaint on August 26, 2008. This action is, therefore, proceeding only against the Defendants named in the amended complaint and the allegations presented therein.

[3]The court notes that Defendant CMS has filed a motion to dismiss wherein it argues that it was not the medical provider for the Alabama Department of Corrections on the dates Plaintiff alleges the violations about which he complains occurred. (*See Doc. No. 4*.) Liberally construing the complaint, as this court must, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the undersigned notes Plaintiff's assertion that he "had and still ha[s] a serious medical need" to which Defendants have and/or are demonstrating deliberate indifference. (*Doc. No. 3 at 2-3*.) In light of Plaintiff's allegations, which seemingly assert ongoing deprivations of his constitutional rights, the court deems it appropriate to leave resolution of any such claims as well as Defendants CMS's dispositive motion for ruling by the United States District Court for the Northern District of Alabama.

claims or dismiss the complaint, or any portion of the complaint, if the complaint-

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between complaints filed *in forma pauperis* and those in which the requisite filing fee has been paid. The procedure required by § 1915A is by its terms a screening process, to be applied *sua sponte* and as early as possible in the litigation. *See* 28 U.S.C. § 1915A.

*A. Claims Barred by the Statute of Limitations*

In this case, the Plaintiff complains, among other things, that he received inadequate medical care and treatment on or about September 29, 2003 during his incarceration at the Staton Correctional Facility. It is clear from the face of the complaint that the Plaintiff's challenge to the alleged inadequate medical care in 2003 is barred by the statute of limitations applicable to actions filed by an inmate under 42 U.S.C. § 1983.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985). Selection of a limitations period for § 1983 actions changed several times [between 1985 and 1989]. Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala. 1981). It is undisputed that § 1983 claims were subject to a two year limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (*Jones II*).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994).  At the time the Plaintiff filed his complaint, the applicable statute of limitations for actions brought under 42 U.S.C. § 1983 was two years.  *Owens v. Okure*, 488 U.S. 235, 249-250 (1989)(the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992).  In Alabama, the general statute of limitations for personal injury actions is two years.  *Ala. Code* § 6-2-38(l).

  A portion of the alleged unconstitutional actions about which the Plaintiff complains occurred on or about September 29, 2003.  On May 17, 1996, the Alabama legislature rescinded that portion of the tolling provision which previously applied to convicted prisoners.  *Ala. Code* § 6-2-8(a) (1975, as amended).  The tolling provision of *Ala. Code* § 6-2-8(a) is, therefore, unavailing.  Consequently, with respect to those allegations related to Plaintiff's medical care which occurred on or about September 29, 2003, the applicable statute of limitations expired on those claims on or around September 29, 2005.  As noted, the Plaintiff filed his complaint on May 24, 2008.  This filing occurred ***after*** the applicable periods of limitation had lapsed.

  Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense.  The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint.  *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an

4

affirmative defense would defeat the action, a section 1915[A] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F. Supp. [1310] at 1330, 1332." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of ... defendants the ... court must evaluate the merit of the claim *sua sponte*." *Id*.

Based on the facts apparent from the face of the present complaint, the Plaintiff has no legal basis on which to proceed with regard to those claims which occurred on or about September 29, 2003 as he filed this cause of action more than two (2) years after the violations which form the basis of those claims accrued. As previously determined, the statutory tolling provision provides no basis for relief. In light of the foregoing, the court concludes that the Plaintiff's challenges to those actions which occurred on or before May 24, 2006 are barred by the applicable statute of limitations. These claims are, therefore, subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915A. *See Clark*, 915 F.2d at 640.

*B. The Northern District Claims*

The Plaintiff challenges the adequacy of medical care he received on or about May 24, 2006 while confined at the Limestone Correctional Facility. Plaintiff further states that he still has a serious medical need to which the prison physicians have shown and/or are

showing deliberate indifference. With regard to these claims which occurred on or after May 24, 2006, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.

A civil action filed by an inmate under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). However, the law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

The Plaintiff complains about medical care given to him on or after May 24, 2006 at penal facilities located in the Northern District of Alabama. Those individuals personally responsible for the conditions about which the Plaintiff complains are employed at institutions outside the jurisdiction of this court. Thus, the majority of material witnesses and evidence associated with those claims relevant to the Plaintiff's allegations are located in the Northern District of Alabama. Further, by virtue of their contract with the Alabama Department of Corrections to provide state-wide inmate medical care and services, Defendants CMS and PHS are subject to service of process throughout the state and commonly defend suits in all federal courts of this state.

In light of the foregoing, the court concludes that in the interest of justice and for the

convenience of the parties this case with respect to claims remaining to this cause of action should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims challenging events which occurred on or about September 29, 2003 be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915A as Plaintiff failed to file the complaint with regard to these allegations within the time prescribed by the applicable period of limitation; and

2. Plaintiff's remaining § 1983 claims presented against the named Defendants, to the extent they are not barred by the applicable statute of limitations, be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **September 22, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

  Done this 8th day of September, 2008.

             /s/Charles S. Coody
            CHARLES S. COODY
            UNITED STATES MAGISTRATE JUDGE